JOHN FOLEY, APPELLANT, v. CHARLES L. RATHBORNE.

*Special proceeding — adjustment of costs in — Failure to pay costs of previous motions when proceeding stayed because of.*

Upon a motion for a readjustment of costs, on the ground that they had accrued in a special proceeding and not in an action, and that they should have been adjusted by the court and not by the clerk, it appeared that an appeal had been taken from the taxation by the clerk and heard before a justice of the court and a readjustment ordered to be made by the clerk, which was accordingly had.

*Held*, that even if it were a special proceeding, the readjustment had in pursu ance of the action of the justice was a sufficient compliance with the provisions of section 311 of the Code.

The appellant had made a number of motions against the respondent, in which he had been defeated, and costs to the amount of $230 had been awarded to the respondent, which the appellant declined to pay, but still continued to make motions against him.

*Held*, that an order staying proceedings, on the part of the plaintiff, until the payment of the costs that had already accrued, was proper and should be affirmed.

APPEAL from an order denying a motion for the readjustment of the costs awarded to Charles F. Wetmore; and also from an order staying all of plaintiff's proceedings by reason of the non-payment of certain costs theretofore allowed to said Wetmore.

It appears that on the 14th day of May, 1876, Charles F. Wetmore was directed by the court to appear before Samuel W. Brown, Esq., as referee, on the 21st day of May, 1876, under certain supplementary proceedings instituted by the plaintiff to enforce the judgment in this action. For a failure to answer a question before the referee, he was adjudicated guilty of a contempt of this court and fined the amount of the judgment. An appeal was taken by Wetmore to the General Term of this court from the order imposing the fine in the contempt proceedings, and also from an order made in this action on the 16th day of May, 1876, dismissing a motion made by Wetmore to vacate an injunction forbidding the Continental Bank from disposing of certain moneys, and also from an order made on the 19th day of May, 1876, denying the motion of Wetmore to resettle the order of May 16, 1876.

On appeal to this court all of said orders were reversed, with ten dollars costs and disbursements of the appeals.

Plaintiff continued to make motions against Wetmore, at the same time refusing to pay the costs awarded to him.

*James Henderson and Henry C. Denison*, for the appellant. Proceedings to punish a party for a contempt in violating an order issued in supplementary proceedings are special proceedings and not actions. (*Holstein* v. *Rice*, 24 How., 135; S. C., 15 Abb. Pr., 307; *Gray* v. *Cook*, 15 id., 308; former Code, § 2.) A proceeding to enforce a judgment under contempt proceedings being a special proceeding and not a civil action, the costs are such as the Revised Statutes prescribe, and cannot be allowed or adjusted under the Code. (2 Rev. Stat., 619, §§ 39, 42; Code, §§ 1, 3, 303, 471; *Gray* v. *Cook*, 15 Abb. Pr., 308; former Code, § 311; *Brown* v. *Leigh*, 50 N. Y., 429.)

*Coudert Brothers*, for respondent Wetmore. The courts have authority to stay proceedings by litigants until payment of costs of former proceedings instigated by them. (*Dresser* v. *Cooke*, 5 How. Pr., 75; *Adams* v. *Bush*, 2 Abb. [N. S.], 116; *Hill* v. *Grant*, 2 Sup. Ct. [T. & C.], 469; *Kentish* v. *Tatham*, 6 Hill, 372; Old Code, § 315; *Thaule* v. *Frost*, 1 Abb. [N. C.], 298.)

DAVIS, P. J.:

It is claimed that the costs in this case have accrued in a special proceeding and not in an action, and, that under section 311 of the Code they should be adjusted before a judge or court, or in such other manner as the judge or court should direct. Assuming this position to be entirely correct, yet the order of readjustment made by Mr. Justice BARRET, and the readjustment by the clerk in pursuance of that order were a sufficient compliance with section 311. The denial of the motion by Mr. Justice GILBERT for a readjustment was entirely proper and should be affirmed, with ten dollars costs and disbursements of this appeal to be adjusted by the clerk.

The second appeal contained in the same papers is from an order staying the proceedings on the part of the appellant until he shall have paid costs that have accrued from time to time therein. It appears that costs had accrued in favor of Wetmore, the respondent herein, amounting to about $230 which the appellant had declined to pay, while he continued to make divers other motions against Wetmore. The court, on Wetmore's motion, ordered that the plaintiff's proceedings be stayed until the payment of the costs already accrued and allowed.

This was not a statutory stay of proceedings under section 315 of the former Code, but an order made by the court in the exercise of its discretion to stay vexatious and annoying proceedings until the party pursuing them should have paid the costs already accrued. It was in this case an eminently proper one, and not only has abundant authority for its support, but is fully justified by the facts appearing in the case. (*Dresser* v. *Brooks*, 5 How. Pr., 75; *Adams* v. *Bush*, 2 Abb. [N. S.], 116; *Hill* v. *Grant*, 2 Sup. Court [T. & C.], 469; *Kentish* v. *Tatham*, 6 Hill, 372; *Thaule* v. *Frost*, 1 Abb. [N. C.], 298.)

The appeal should be dismissed with ten dollars costs and disbursements to be adjusted by the clerk.

BRADY, J. concurred.

Present — DAVIS, P. J., BRADLEY and DANIELS, JJ.

Order affirmed with ten dollars costs and disbursements; appeal dismissed with ten dollars costs and disbursements.